[No. 3479.   Decided February 19, 1901.]

C. F. SEAL, *Appellant,* v. G. W. CAMERON *et al., Respondents.*

PLEADING — TESTING COMPLAINT BY MOTION — HARMLESS ERROR.
   The action of the trial court in permitting the sufficiency of a complaint to be tested by a pleading called a "motion" instead of a "demurrer," was not prejudicial error, when the motion was in substance a demurrer, was so treated by the court, and the issue raised by it was tried in the same way as if it had been called a demurrer.

SAME — SUFFICIENCY OF COMPLAINT — PLEADING WRITTEN INSTRU-
MENTS — LEGAL EFFECT.

In an action to enjoin stockholders from interference with plaintiff's exercise of the office of trustee and manager of a private corporation, it is sufficient, when necessary to plead the articles of incorporation and by-laws of the corporation, to state them in substance and according to their legal effect, without setting them out *in haec verba*.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Reversed.

*Albert W. Buddress* and *George C. Hatch,* for appellant:

The sufficiency of a pleading in matters of substance must be tried on demurrer and not on motion. *Hoffman v. Wight,* 137 N. Y. 621 (33 N. E. 554); *McCoy v. Stockman,* 146 Ind. 668 (46 N. E. 21); *Rhoadabeck v. Blair Town Lot & L. Co.,* 62 Iowa, 368 (17 N. W. 582); *Wattels v. Minchen,* 93 Iowa, 517 (61 N. W. 915); *Hershiser v. Delone,* 24 Neb.    380 (38 N. W. 863); *Finch v. Finch,* 10 Ohio St. 501; *Walker v. Pumphrey,* 82 Iowa, 487 (48 N. W. 928); *Jackson v. Independent School District,* 77 N. W. 860; *Consolidated Coal Co. v. Peers,* 166 Ill. 361 (46 N. E. 1105, 38 L. R. A. 624); *Tully v. Herrin,* 44 Miss. 639; *Fletcher v. Crist,* 139 Ind. 121 (38 N. E. 472); *State ex rel Nave v. Newlin,* 69 Ind. 108; *Indianapolis Piano Mfg. Co. v. Caven,* 53 Ind. 258.

*Trumbull & Trumbull,* for respondents:

To properly plead the by-laws they should be set out *in haec verba.* Thompson, Corporations, §§ 944-949; 5 Enc. Pl. & Pr., p. 94.

The opinion of the court was delivered by

FULLERTON, J.—The appellant brought this action to enjoin the defendants from interfering with his exercise

of the office of trustee and manager of the Groveland Improvement Company, a private corporation. The respondents demurred to the original complaint, which demurrer, after a hearing, was sustained by the trial court, and leave was granted the appellant to file an amended complaint. After the filing of the amended complaint the respondents moved "for an order striking" it, on the grounds—First, that it was not an amendment of the original complaint, but the statement of a new cause of action; and, second, because the amended complaint did not state facts sufficient to constitute a cause of action. The trial court overruled the motion on the first ground stated, and sustained it as to the latter. The appellant thereupon elected to stand upon his complaint and refused to plead further, whereupon the court entered a judgment dismissing the action.

The first ground for reversal urged is, that the trial court erred in permitting the sufficiency of the complaint to be tested by motion, instead of requiring it to be done by a demurrer. Whatever force this contention might have in a case where the motion to strike was based upon the statutory grounds for striking a complaint, we think it can have but little weight in determining the question presented here. The so-called motion was in substance a demurrer. It was so treated by the trial court; and the issue raised by it was tried in the same way it would have been, and the appellant was granted all the rights and privileges he would have been entitled to, had the pleading been called a "demurrer," instead of a "motion," as it was called. Courts determine the nature of a pleading by an examination of its substance and a consideration of its object and purpose rather than from the name the parties may choose to call it; and unless it be shown that the adverse party has been denied the right to try the

actual issue presented, or has otherwise lost some substantial right, because of the misnomer, error cannot be predicated thereon.

It is next contended that the court erred in holding that the complaint did not state facts sufficient to constitute a cause of action. This contention must be sustained. We are not advised of the ground upon which the trial court based its ruling, but the only ground urged upon us here for sustaining the ruling is that the articles of incorporation and by-laws of the corporation attempted to be pleaded were not set out *in haec verba*. This was unnecessary. In pleading instruments of this character the pleader is at liberty to adopt the rules which pertain in pleading other instruments which furnish the foundation of the action. He may set them out *in haec verba,* or he may state them in substance and according to their legal effect, without reciting their exact language. It is not denied that the complaint in this case contains the substance of the articles of incorporation and the by-laws of the corporation so far as the same are material to the cause of action stated. As this was all that was necessary, the complaint should have been sustained.

The judgment of the lower court is reversed, and the cause is remanded with instructions to reinstate the case and require the defendants to answer.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.